MEMORIAL PARKS, INC., Respondent, *v.* J. ALEXANDER DINGWALL, JR., and ANNA G. DINGWALL, Appellants.

First Department, July 3, 1942.

*Hyman R. Friedman* of counsel [*Friedman & Friedman*, attorneys], for the appellants.

*Robert H. Spelman*, for the respondent.

GLENNON, J. This action was instituted by plaintiff to recover damages in the sum of $6,351.55 for the alleged fraudulent misappropriation and conversion of its corporate funds. The defendant

J. Alexander Dingwall, Jr., was an officer of the corporation and, according to the complaint, he withdrew the funds from plaintiff's banks by checks drawn on plaintiff's accounts and transferred the checks and proceeds thereof to his wife, the defendant Anna G. Dingwall. The answers of the defendants were, in effect, a general denial of any wrongdoing. At the conclusion of the trial, the court directed judgment in favor of plaintiff for the full amount demanded in the complaint, together with interest.

While the trial court may have been fully justified in concluding that the testimony of the defendants was false, nevertheless, in view of the fact that a considerable number of items were involved in the transactions which were the subject of the litigation, it seems to us that a careful consideration of the figures would probably have resulted in a judgment for a lesser amount.

Respondent in its brief has made reference to the sum of $500 represented by plaintiff's Exhibits 11 and 12 with a statement which reads in part as follows: " Certainly, however, aside from this one item of $500, the appellants utterly failed to satisfactorily establish by any competent or credible evidence their right to any credit or offset  *  *  *." The difficulty is that the figure of $500 is reflected in the judgment. Furthermore, the president of respondent corporation testified on cross-examination that Anna G. Dingwall, one of the defendants, had advanced certain funds. While he stated that he was only guessing as to the amount, he said, in substance, he thought it was about $2,500.

Under the circumstances, we have reached the conclusion that the judgment should be reversed and a new trial ordered, with costs to the appellants to abide the event.

MARTIN, P. J., TOWNLEY, COHN and CALLAHAN, JJ., concur.

Judgment unanimously reversed and a new trial ordered, with costs to the appellants to abide the event.